## DUFOUR *vs.* JANIN.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The proprietor has a right to cancel the bargain he makes with the undertaker, even in case the work has already been commenced, by paying the expense and labor already incurred, *and such damages* as the nature of the case may require.

But whether an undertaker be discharged for good cause or not, the contract is at an end.  It ceases to be any longer the standard by which to estimate the value of the work done, but it may be given in evidence to show the estimate the parties had made of the work to be done.

This is an action on the balance of an account due for carpenters' work done for the defendant, amounting to thirteen hundred and twenty-five dollars, according to an account annexed.

The defendant averred, that the plaintiff contracted to erect a saw-mill and find the materials, according to a certain plan : that the price agreed on was three thousand dollars, and the work to be completed in four or five months.    That a few days before the expiration of five months, he requested the plaintiff to leave the work ; because of the delay and inefficiency of force employed, and the bad conduct of the petitioner, there was no possible chance to have the work completed within the time agreed on : that the plaintiff has received two thousand three hundred and two dollars,

EASTERN DIST.
March, 1835.

DUFOUR
vs.
JANIN.

and the balance of the work done is worth about eight hundred dollars.

He further states, that in consequence of the delay and disappointment, in not getting his mill erected within the stipulated time, he has suffered damages to the amount of fifteen hundred dollars.

He prays that the plaintiff's demand be rejected, and that he recover fifteen hundred dollars in damages and costs.

Upon these pleadings the parties went to trial. The cause was submitted to a jury. Testimony on both sides was produced to show the manner in which the work was executed. The judge charged the jury, that "if the defendant had sufficient reason to discharge the plaintiff, then the amount of the contract was to be considered by them as the whole value of the work: but if, on the contrary, he had not good reason to do it, the contract was at an end, and they were to value the work according to a *quantum meruit.*"

The defendant excepted to the charge, and alleged there was no distinction in the article 2736 of the *Louisiana Code,* and that whether he had good reasons or not, the estimation of the work done, was to be made according to the contract, and not otherwise.

The jury, upon the whole evidence of the case, returned a verdict of four hundred and fifty dollars, with costs, for the plaintiff. From judgment rendered thereon, the defendant appealed.

*Buchanan,* for the plaintiff.

*Charles Janin,* in *propriâ personâ,* contra.

*Bullard, J.,* delivered the opinion of the court.

The plaintiff sues to recover the value of certain carpenters' work, done for the defendant. The defence set up is, that the work was done under a contract, for a stipulated price by the job, to be done within a limited time, and that the defendant, finding that the plaintiff was unable to complete the job, requested him to desist from the work, before the

EASTERN DIST.
*March*, 1835.

DUFOUR
*vs.*
JANIN.

time limited by the contract: that he has paid two thousand three hundred and two dollars, on account of the work; and finally, he claims fifteen hundred dollars damages, in reconvention. The jury, after allowing the credit of two thousand three hundred and two dollars, gave a verdict against the defendant for a balance of four hundred and fifty dollars, upon which judgment being rendered, he appealed.

The only question of law presented for our consideration arises on a bill of exceptions taken by the appellant, to the charge of the judge to the jury. The jury were instructed that if the defendant had sufficient reason to discharge the plaintiff, then the amount of the contract was to be considered by them as the whole value of the work; but if, on the contrary, he had not good reason to do it, the contract was at an end, and they were to value the work according to a *quantum meruit.* The defendant contended that article 2736 of the *Louisiana Code* makes no distinction, and that whether he had good reasons or not, the estimation of the work was to be made according to the contract, and not otherwise. The article relied on, declares that "the proprietor has a right to cancel at pleasure the bargain he has made, even in case the work has already been commenced, by paying the undertaker for the expense and labor already incurred, and such damages as the nature of the case may require." We do not discover in this article the distinction laid down by the court, much less the principle contended for by the appellant, that the contract, though cancelled is to be the exclusive standard of the value of the work done. Whether the undertaker be discharged for good cause or arbitrarily, the contract is not the less at an end. It ceases to be the standard by which the value of the work is necessarily to be tested, although this court has held that it may be given in evidence to the jury, to show the estimate which the parties had themselves made of the work to be done. We think, therefore, that the court did not state the law with entire accuracy; but if the appellant complains that his own construction of the article in question, was not given in

*The proprietor has a right to cancel the bargain he makes with the undertaker, even in case the work has already been commenced, by paying the expense and labor already incurred, and such damages as the nature of the case may require.*

*But whether an undertaker be discharged for good cause or not, the contract is at an end. It ceases to be any longer the standard by which to estimate the value of the work done, but it may be given in evidence, to show the estimate the parties had made of the work to be done.*

charge to the jury, the court was clearly correct in declining so to instruct the jury.

Upon the merits, we cannot discover by a careful examination of the evidence, that the jury was misled. The defendant himself does not deny the extra work charged, nor does he pretend that the work done under the contract, was unskilfully executed. According to his own principle, the verdict, in our opinion, was correct.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs