GILLOUTET<br>*v.*<br>MARCELIN.

---

## J. N. DePUILLY *v.* THE WARDENS OF THE CHURCH OF ST. LOUIS, New Orleans.

Defendants employed plaintiff as an architect, in the reconstruction of the cathedral; he was dismissed without cause. *Held :* That defendants are bound for the full amount of compensation agreed on.

An employer has the right of dismissing a person whom he employs, at pleasure, and no damages can be recovered for the exercise of that right.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *A. Grailhe* and *C. Redmond*, for plaintiff. *Benjamin* and *Micou*, for defendants. By the court: (*Slidell*, J., absent.)

Preston, J. The plaintiff claims from the defendants a large sum for services rendered, and plans furnished to the defendants, as their architect, in superintending the extensive alterations and repairs which they have lately made to the Church of St. Louis. Also, for damages for having been dismissed from their employment, in violation of a contract with them, without any cause.

The defendants allege, that they had paid him for all plans and specifications in relation to their contemplated improvements in the cathedral.

They admit that they employed him to inspect and superintend the works to be done on the cathedral, according to his plans and specifications, but at a compensation of three per cent upon the amount of the contract, for the execution of the works. And they aver, that he so negligently and carelessly performed the duties intrusted to him, that they were compelled to dispense with his services, and discharged him from their employ long before the work was finished, to which he made no objection.

We find, in the record, receipts from the plaintiff to the defendants, for five hundred dollars, for plans made in relation to the works in March and April, 1848; and, from his letter, asking payment, it is clear this sum was in full of plans made up to that period.

It was not until the 5th of December, 1848, that the defendants determined, by resolution, to make improvements and repairs to the church, and advertised for plans and estimates of the repairs. On the 13th of February following, they determined, by resolution, to employ the plaintiff as their inspector and superintendent of the works, agreeing to allow him for his compensation three

per cent on the amount of the contract for the works, without any claim for plans.

Objection was made by the defendants to evidence, that he assented to this resolution; but we find no other under which he was employed at all. We must presume that he acted under it, and with a knowledge of its contents. In fact, one large claim in his account is claimed under it, and it would be difficult to maintain the judgment of the district court, in his favor, without this resolution, and his acceptance of it.

The defendants, on the 12th of March, 1849, made a contract with *J. P. Kirwan* to make all the alterations, repairs and improvements of their cathedral, according to the plans and specifications furnished by the plaintiff, under his superintendence, as their architect, for the sum of twenty-seven thousand dollars. They determined afterwards to make other alterations and improvements, for which they made, on the 22d of June, 1849, a contract with the same contractor, to be executed under the superintendence of the plaintiff as their architect, for nineteen thousand dollars.

In the progress of the work, a vast tower, which the defendants were erecting, gave way, fell and crushed parts of the building and walls, with great loss and delay to them. It is unnecessary to examine the causes of the misfortune further than to pronounce, that it clearly appears from the evidence that it did not result from the fault, want of skill, or negligence of the architect. The misfortune, however, engendered that dissatisfaction which induced the defendants to dismiss the plaintiff on the 2d of July, 1850, and employ another superintendent, who continued the works by his plans and specifications. Nothing was charged as to *De Puilly*, except that another mechanic than *Kirwan* was to execute his plans. The evidence establishes, that he was dismissed without any just cause, and is therefore legally entitled to the full amount of compensation proposed by the resolution under which he was employed. He, at least, falls within the equitable provision of article 2736 of the Code, and his damages amount to the compensation he was to receive.

The plaintiff contends, that he is entitled to receive the same per centage on the expense of rebuilding the tower. There is no evidence that the defendants employed him to superintend that work.

He claims further, a large amount of damages for injury to his character as an architect, caused by his being dismissed from the employment of the defendants, without cause. The defendants had the right to dismiss him at pleasure, and therefore no damages can be recovered for its exercise beside the loss of his wages. Besides, no damages are specifically proved.

We think the judgment of the district court meets the justice of the case. It is affirmed, with costs.

ROST, J. If this case was before us without the resolution adopted by the defendants, after the fall of the tower, to continue the plaintiff in his employment, as superintendent of the unfinished works of the cathedral, when they should again be prosecuted; the evidence in the record would probably lead me to the conclusion, that the commissions he claims should only be allowed upon the amount actually expended, on the work, at that time. But I do not feel at liberty to look behind the approval of his conduct, which that résolution implies; it was passed without reference to the contract between the defendants and *Kirwan*, and as nothing is shown, after its date, to justify the plaintiff's dismissal, the defendants must submit to the rule *ex ore tuo te judico*. For these reasons, I concur in the opinion of Mr. Justice Preston.