## JOHN T. MOORE *v.* HENRY HOWARD.

The proprietor has a right to cancel, at pleasure, the bargain he has made, even in case the work has already commenced, by paying the undertaker the expense and labor already incurred, and such damages as the nature of the case may require.

Where the proprietor has cancelled a contract made with an undertaker for the erection of a building, the Court will not award the undertaker the full amount he was to receive for the entire services necessary to complete the building, but will award the amount of profit which he would make on the contract, if completed.

APPEAL from the Fourth District Court of New Orleans, *Theard,* J. J. W. *Hardie,* for appellant. T. S. *McCay,* for appellee.

TALIAFERRO, J. The plaintiff, in the year 1862, being about to build a dwelling house in New Orleans, employed the defendant, who is an archi-

tect, to draw plans and make specifications for the building he contemplated, and also to superintend its erection ; and for these services he was to give the defendant, in compensation, five per cent. upon the cost of building. The defendant drew the plans and made the specifications. They were furnished the plaintiff, who placed them in the hands of T. K. Collins, the undertaker, who, under the superintendence of the defendant, commenced the work. In the meanwhile, the plaintiff advanced to the defendant the sum of five hundred dollars. After the work had been in progress about two months, and the brick walls raised high enough to receive the first tier of joists, and the window and door frames and the cornices of the main building were all cut out and in a state of advancement, the plaintiff, in view of the war then existing, and the untoward aspect of things presented, deemed it advisable to suspend the work and to annul the building contract. This he clearly had a right to do under the provisions of Article 2736 of the Civil Code, which is in these words :

"The proprietor has a right to cancel, at pleasure, the bargain he has made, even in case the work has already commenced, by paying the undertaker the expense and labor already incurred, and such damages as the nature of the case may require."

The plaintiff contends that the defendant has been more than compensated for any damages he may have sustained from the stoppage of the work, and he sues defendant for the recovery of the plans and drawings for the intended edifice, which are under sequestration, and moreover claims the restitution of two hundred and fifty dollars, which he avers have been overpaid to the defendant.

The defendant admits the contract between himself and the plaintiff in relation to the building, and that he received the five hundred dollars. He denies that the plaintiff has absolute ownership in the "plan" sued for, and contends that the five hundred dollars received, were in part payment of the entire services he undertook to render, and not in full payment for any specific part of the same. He avers that plaintiff annulled his contract with him without legal cause or fault on defendant's part, and that by so doing, plaintiff became responsible to him for the loss of profits he was sujected to, and this by way of special damages. Defendant shows that the contemplated building, had it been completed, would have cost thirty thousand dollars, and that he would therefore have been entitled, under the contract, to fifteen hundred dollars which he claims, and deducting from that sum the five hundred dollars he received, he claims from the plaintiff, in reconvention, one thousand dollars.

The judgment of the Court below rejected the plaintiff's claim, and rendered a decree in favor of the defendant for one thousand dollars, with legal interest from judicial demand.

The plaintiff appealed.

Moore v. Howard.

In the case of *Forrest* v. *Caldwell*, reported in 5th Annual p. 221, this Court commenting on Article 2736 of the Civil Code, said that the rule given by the Code is broad enough to cover the loss of profits. In that case the price agreed upon for certain work to be done was $675. The sum of $175 was allowed by the Court as the damages the plaintiff had sustained, and the judgment was predicated upon the testimony of a witness who thought that the plaintiff might have cleared that much if he had been allowed to complete the work. In the case before us we have nothing shown as to the profits the defendant might have realized, had he continued his services until the completion of the building. The five per cent. on the cost of the building was the price to be paid for the entire services to be rendered; but we cannot consider that as the profit of which defendant was deprived. In awarding to the defendant the price of the entire services contemplated by the contract, we think the District Court was in error.

It is shown that the work done upon the building up to the time the contract was annulled cost $3,100. The maximum valuation of the plans and drawings is $250. For his services, five per cent. on $3,100 should be allowed, viz. $155. That, with $250, the value of the drawings, makes $405.

We have no evidence before us upon which to estimate expenses or loss of profits, if any have occurred. Having advanced to the defendant $500, the plaintiff will be entitled to receive from the defendant the drawings and ninety-five dollars.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, that the defendant's claim in reconvention be rejected and disallowed. And it is further ordered, adjudged and decreed, that the plaintiff recover from defendant the sum of ninety-five dollars, and that the plans or drawings in controversy be, and the same are decreed to be the property of the plaintiff, and that they be delivered to him, the defendant paying costs in both Courts.