## No. 9737.
### Orleans Appeal.

## DUDLEY G. HANEMANN v. MISS P. EBERLE, Appellant.

(October 20, 1924, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest, Builders and Buildings, Par. 21; Damages, Par. 75.**

The proprietor has a right to cancel at pleasure the bargain he has made, even in case the work has already been commenced by paying the undertaker, in this case a plumber, for the expense and labor already incurred, and such damages as the nature of the case may require.

2. **Louisiana Digest—Appeal—Par. 729.**

When the evidence in the transcript does not show those requirements, namely, the amount which plaintiff may be entitled to under Art. 2765 of the Civil Code, the case will be remanded for trial on those issues.

Appeal from First City Court, Hon. Henry Renshaw, Judge.

This is a suit for damages for violation of a plumbing contract. Judgment for plaintiff. Defendant appealed.

Judgment reversed and case remanded.

Woodville & Woodville, attorneys for plaintiff and appellee.

George P. Eberle, M. C. Scharff, attorneys for defendant and appellant.

CLAIBORNE, J. This is a suit for damages for violation of a plumbing contract.

The plaintiff avers that he contracted to do certain plumbing work to defendant's property for the price of $150; that he had almost completed the contract when he was ordered off the property by the defendant. He prays for judgment for $150.

The defense is that plaintiff was to use all new material and that "he brought on the job considerable used piping material and installed the same despite the protest of the defendant"; that when plaintiff refused to remove the old piping and to replace it by new, she discharged him; that she was attempting to procure some one to do the work as provided in the contract.

There was judgment for plaintiff and defendant has appealed.

Whether the plaintiff was doing the work according to contract or not is immaterial as far as defendant's right to dismiss him was concerned. The case is governed by Article C. C. 2765 (2736), which reads as follows:

"The proprietor has a right to cancel at pleasure the bargain he has made, even in case the work has already been commenced, by paying the undertaker for the expense and labor already incurred and such damages as the nature of the case may require." Monarch vs. Board of Com'rs, 49 La. Ann. 995, 4 Ct. App. 123.

The damages are the profits he would have realized had he been permitted to carry out his contract. Hart vs. Tremont Lumber Co., 131 La. 847, 60 So. 368; Dugue vs. Levy, 114 La. 21, 37 So. 995; Cothern vs. Julia Lumber Co., 140 La. 733, 73 So. 845; Eaton vs. The Second Municipality of New Orleans, 3 La. Ann. 45; McCord vs.

West Feliciana R. Co., 3 La. Ann. 288; Forrest & Crocker vs. Caldwell & Hickey, 5 La. Ann. 220-221; Depuilly vs. Wardens of Church of St. Louis, 7 La. Ann. 443; Moore vs. Howard, 18 La. Ann. 635. When the owner dismisses the undertaker the contract ceases to be the standard of value of the work done. Villalobos vs. Mooney, 2 La. 332; Foster vs. Kokernot et al. 5 La. 260; Joublanc vs. Daunoy, 6 La 658; Dufour vs. Janin, 8 La. 149.

There is nothing in the record to enable us to determine the amount to which plaintiff may be entitled under the Article 2765, and the case must be remanded. 4 Ct. App. 123, Kolwe vs. Waddell.

It is therefore ordered that the judgment herein be reversed and set aside, and that this cause be remanded for trial to allow plaintiff to show the expense and labor already incurred by him on account of the job at the time of his discharge and the profits he would have realized had he been permitted to complete his contract. The costs of appeal to be paid by plaintiff and those of the lower court to await the final determination of this case.