(133 So. 441)

**DELAROSA v. MISURUCA et al.**
No. 29626.

March 2, 1931.

Rehearing Denied March 30, 1931.

Sidney F. Gautier, of New Orleans, for appellants.

Sanders, Baldwin, Viosca & Haspel and Edward Dubuisson, all of New Orleans, for appellee.

BRUNOT, J.

This is an appeal from a judgment awarding the plaintiff $2,881.36, as damages, for the breach of a contract for the erection of a moving picture theatre building. The plaintiff has answered the appeal and prays for an amendment of the judgment by increasing the amount thereof to $3,631.36.

It is not necessary to state the pleadings further than to say that the petition contains an alternative demand; that the suit was excepted to upon the grounds of vagueness, no right or cause of action, misjoinder of parties defendant; that the contract declared upon is a nudum pactum; and that oral acceptance of a contract which is to be evidenced in writing is null. All of the exceptions were overruled, and the answer joined issue upon the material allegations of the petition.

For the reasons which will appear in the course of the opinion we think the rulings upon the exceptions are correct. On the merits, the case presents questions of fact, which, if resolved either in favor of or against the claims of the plaintiff, will dispose of all the issues presented.

The plaintiff is a contractor and builder. He was furnished with plans and specifications for a proposed theatre building. He and two other contractors submitted bids for the contract to erect it. At an agreed time and place the bidders and the owners of the property met, the bids were opened, in their presence, by the architect of the owners, who, himself, was a competitive bidder for the contract, and it was found that plaintiff had submitted the lowest bid. The architect announced the result of the bidding and declared that plaintiff had secured the contract. The original or copies of the plans and specifications were handed to the plaintiff, who was told, either by the defendants or their architect, to "get busy at once," and the parties present repaired to a rear room of the building and indulged in a libation of wine. The plaintiff was told that, owing to the illness of a child of one of the defendants, the preparation and signing of the contractor's bond would be deferred for a few days, and the bidders then separated and left the premises.

The plaintiff immediately devoted himself to the preliminaries necessary to the beginning of the work. A few days later the plaintiff learned that, prior to the filing of his

bid, the defendants had called for bids for a smaller and less expensive building, and that Supato and Governali, contractors and builders, had been awarded the contract for the erection of that building. A short time after the award of this contract, the defendants changed their minds, as to the size and kind of building they desired, and they induced Supato and Governali to submit a bid for the erection of the larger building.

It appears that, after these bidders lost the contract for the larger building, and had left the premises where the bids were opened, they expressed some indignation at the treatment they had received. Subsequently the defendants permitted them to amend their bid and signed a contract with them for the erection of the proposed building, for a price of $1,400 less than the bid of the plaintiff.

■ We have read the testimony carefully, and while we find it conflicting, the preponderance of the evidence establishes, with reasonable certainty, that the contract was actually awarded to the plaintiff; that the instrument which was to be reduced to writing and signed at a later date, was the usual builder's bond; and that the plans and specifications, together with the bid and the oral acceptance thereof, constituted the agreement of the parties. Hence the exception that the contract is null because it was not evidenced by a written instrument is without merit. The agreement obligated the contractor to erect the building and the owners to pay the price stipulated in the contractor's bid. Hence is was not a nudum pactum.

The petition contains a recital of all the facts in relation to the award of the contract, the defendants' alleged violation thereof, in bad faith and in fraud of the plaintiff's rights, and the alleged damages suffered by him by reason thereof.

■■ It is not necessary to detail the allegations for the reason that our reading of the petition demonstrates, to our satisfaction, that it discloses a right and cause of action in the plaintiff. No demand was made upon the plaintiff to amend his pleadings or to rebut the exceptions of vagueness and misjoinder of parties defendant. Therefore these exceptions were properly overruled.

The defendants also called upon the plaintiff to elect. The prayer of the plaintiff, upon the main demand, is for judgment in his favor and against the defendants for $32,400, the amount of his bid; and, upon his alternative demand, for judgment for $5,851.36, the estimated profit he would have made if he had been permitted to fulfill his contract. These demands are not inconsistent.

The trial judge found that plaintiff's profit was figured in the bid at 10 per cent. of the cost of the building, the sum of the profit being $2,881.36, for which amount, together with legal interest thereon from judicial demand, judgment was rendered in his favor.

The testimony in the record sustains the correctness of the judgment, and it is therefore affirmed at appellants' cost.