## PITTMAN v. BOURGEOIS.
### No. 14603.

Court of Appeal of Louisiana. Orleans.
Feb. 12, 1934.

Gill & Simon, of New Orleans, for appellee.

S. T. Darden and Emmet Alpha, both of New Orleans, for appellant.

WESTERFIELD, Judge.

The plaintiff, Theodore A. Pittman, entered into a written contract with the defendant, H. Bourgeois, under the terms of which Pittman agreed to furnish the materials and erect the necessary brick work in accordance with plans submitted by Bourgeois for the construction of a residence which he was building for a consideration of $1,834. Pittman ordered certain material, lumber, sand, bricks, etc., and began the execution of his contract. After working four or five days, Bourgeois ordered him to stop the work until further notice, whereupon Bourgeois discarded the original building plans which had been prepared for him by A. W. Stewart and employed the architectural firm of Lockett & Chachere who drew up a second set of plans which differed in many respects from the first plans and invited the plaintiff, Pittman, with several other contractors, to bid upon the brick work. Pittman submitted a bid but was unsuccessful, the work being awarded to some one else, and, thereafter, he brought this suit claiming $543.35, made up as follows:

| | |
|---|---|
| Material | $ 51.40 |
| For labor and material in the drayage, construction and erection of scaffolding, mortar boxes, slaking of lime and transportation of tools.... | 59.15 |
| Salary as supervisor | 66.00 |
| Profit | 366.80 |
| Total | $543.35 |

There was judgment below for $366.80, and defendant has appealed. Plaintiff has answered the appeal asking that the judgment be increased to the amount prayed for in his petition.

The defendant's contention is that the Stewart plans were defective in a number of important particulars which he enumerates and so much so that the defects should have been apparent to Pittman who should have warned defendant, and intimated, though he did not directly charge, that there was collusion between Stewart and Pittman. Finally defendant pleads estoppel on the ground that the submission by Pittman of a bid on the Lockett & Chachere plans precludes any complaint arising out of the original contract

awarded him for the construction of the brick work.

The record shows that there were errors in the plans drawn by Stewart. For example, the "chain wall" was eighteen inches too short for the superstructure and a brick chimney was located where a window was shown to have been. But we are by no means certain that these and other defects pointed out in the Stewart plans were there when they were submitted to Pittman, because the record indicates that the plans were changed on a number of occasions at the request of Mr. Bourgeois, but even if they were, a contractor can hardly be held responsible for the errors of the owner's architect unless there was collusion between them and, on this point, there is no proof whatever. In fact, the testimony is to the effect that Stewart and Pittman were not acquainted at the time the plans were drawn by Stewart.

The case is controlled by article 2765, Civ. Code, which reads as follows:

"The proprietor has a right to cancel at pleasure the bargain he has made, even in case the work has already been commenced, by paying the undertaker for the expense and labor already incurred, and such damages as the nature of the case may require."

The damages to which the undertaker is entitled are the expenses he has been put to and the profit he has been deprived of. Hanemann v. Eberle, 1 La. App. 21; Cusachs & Co. v. Sewerage & Water Board, 116 La. 510, 40 So. 855; Hart v. Tremont Lumber Co., 131 La. 847, 60 So. 368.

In Wickliffe v. Cooper & Sperier, 167 La. 689, 120 So. 52, 56, the court said:

"Cooper & Sperier not having breached the contract and, therefore, not having been properly in default, plaintiff had no right to terminate the contract at their expense. It is true, she had a right to cancel at pleasure the building contract she had made, even though the work had already been commenced, but in doing so she was called upon to pay the contractors for the expenses they had incurred and such damages as the nature of the case required, for article 2765 of the Civil Code provides that:

" 'The proprietor has a right to cancel at pleasure the bargain he has made, even in case the work has already been commenced, by paying the undertaker for the expense and labor already incurred, and such damages as the nature of the case may require.'

"In Dugue v. Levy, 114 La. 21, 37 So. 995, it was held that this article means that, while the proprietor is entitled to cancel the contract, the contractor, barring remote and consequential losses, such as the loss of reputation and the loss of profits on other business, is entitled to be placed in the same position he would have been in, had he been permitted to complete the contract."

The plea of estoppel need not be considered for the ground upon which it is based is not established by the record. The plaintiff testified that in submitting the bid under the second set of plans he was careful to reserve his rights under his contract in connection with the original plans and he is to some extent corroborated by Lockett of Lockett & Chachere, the architects who drew the second plans, though Chachere denies that there was any such understanding.

In regard to the quantum the trial court allowed $366.80 which is the item of profit alone. To this we think should be added $110.55, the amount expended by Pittman for materials which were subsequently used by the defendant in the construction of the building. The item of $12 per day which plaintiff claims for supervising the work cannot be allowed.

For the reasons assigned, the judgment appealed from is amended by increasing the amount awarded plaintiff from $366.80 to $477.35, and, as thus amended, it is affirmed.

Amended and affirmed.