HUTTER<br>v.<br>BENNETT.

---

## WIDOW R. TRUDEAU *v.* NEW ORLEANS, JACKSON AND GREAT NORTHERN RAILROAD COMPANY.

Where a diminution of the record is suggested, the Supreme Court will order a *certiorari* to perfect it, although the case has been submitted for judgment.

Where suit was instituted for damages alleged to have been sustained by the plaintiff in consequence of the closing of the ditches on his plantation by the building of a railroad, and no evidence was given on the trial from which an estimation of the damages could be formed, and the jury found a verdict for the plaintiff, the court remanded the case for a new trial.

APPEAL from the District Court of the Parish of Jefferson, *Burthe*, J.

*A. Trudeau*, for plaintiff. *Michel & Koontz*, for defendants and appellants.

MERRICK, C. J. The answers of a witness to the interrogatories having been accidentally omitted by the Clerk, we permitted appellant's counsel (after the case was submitted and the omission had been suggested by the appellees' brief,) to move for a writ of *certiorari*.

The return to the writ perfected the record.

Plaintiff's counsel thereupon moved the court to annul the order allowing the *certiorari*, because, it is assumed, it could not issue where a case was under advisement.

It was conceded by the learned counsel for the appellant, that the court had the power to grant the order for the writ; but he contended that the court did not pursue the right *mode*. He said the court ought to have re-instated the case upon the docket, before it could have allowed the order. As it is not denied that the record is now complete, it would be doing a vain thing to reinstate the case on the docket in order to perfect a record against which no diminution can now be suggested. See the case of *Champomier* v. *Washington*, 2 An. 1014.

TRUDEAU
*v.*
JACKSON R. R.

Turning to the merits, we find that the plaintiff brought suit to compel the Railroad Company to open certain ditches through the railroad, and to recover $10,000 damages.

Judgment was rendered, on the verdict of a jury, for damages only, in favor of the plaintiff, for $4000, and defendant appeals.

The evidence (as it now stands) shows that many of the ditches draining plaintiff's plantation were closed by the building of the railroad, and that the proper drainage of the place was thus prevented, and the crops injured. But there is no evidence, from which, even, an approximate estimation of the damages can be formed. Under the circumstances we think the case ought to be remanded for a new trial.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed ; and that the case be remanded to the lower court for a new trial, and further proceedings according to law, the plaintiff paying the costs of the appeal.