## SUCCESSION OF MRS. ELIZABETH CLEW.

The appellant, whose duty it was to bring up all the evidence, cannot profit by his own wrong, to have the judgment reversed to the prejudice of the other party. It was the duty of the appellant to suggest, at the proper time, a diminution of the record, in the defective transcript.

APPEAL from the Second District Court of New Orleans, *Thomas*, J. *Durant & Hornor*, for Broom, executor and appellant.

*J. Magne, contra.*—The only question here presented is one of compensation or set-off under the following circumstances :

On the 21st June, 1853, a judgment for $4,403 55 was rendered by the Second District Court of New Orleans in favor of G. L. Broom, the dative executor of the estate of the late Samuel Broom, against Elizabeth Clew, widow of said the late Samuel Broom, and said judgment was affirmed by the Supreme Court on the 13th June, 1855.

On the 28th June, 1853, said Elizabeth Clew obtained in the same Court a judgment for $1,318 31 against the heirs of said the late Samuel Broom, which judgment was on appeal reduced to $1,258, and thus amended, affirmed by the Supreme Court on the 13th June, 1855.

And it must be remarked that these two cross suits grew out of a certain compromise entered into between the parties (the heirs of Broom on one side and Elizabeth Clew on the other) in or about 1850.

The appellee, executor of Elizabeth Clew, has filed in the Second District Court an account of his administration ; and in that account placed as creditor the estate of Samuel Broom for the amount of the judgment rendered against the deceased, Elizabeth Clew, in favor of said estate, say $4,403 55, less $1,258 ; the amount of the judgment obtained

by said deceased against the heirs of said Samuel Broom, deducted by compensation, leaving a balance of $3,145 55, interest, etc.

The executor of said Samuel Broom opposed the account on the ground that no compensation could be admitted. The District Court dismissed the opposition and homologated the account; and the opponent has appealed.

The two cross debts were passed upon at about the same time in the Second District Court (the one on the 21st and the other on the 28th of June 1853), and definitively liquidated by the decision of the Supreme Court on the very same day, 13th June, 1855. From that day the compensation took place by operation of law, and the smaller sum was virtually deducted from the larger one. So that in fact, on that very day, the judgment of $4,403 55 was reduced to $3,145 55. C. C. 2203, 2204; 1st Hennen's Dig. new ed. p. 254, Nos. 5, 6, 7. *Arbonneaux* v. *Letorrey*, 6th Rob. 456; *Loyal W. Low* v. *Thomas*, 4 Rob. 183; *Pattison* v. *Edmondston*, 4 An. 157; *Caldwell* v. *Davis*, 2d N. S. 135; 6 Merlin, questions de droit, pp. 113, 119; 7 Toullier, Duvergier, p. 292; Pothier, Obligations, Nos. 630, 632, 635; 3 Larombière, Obligations, p. 626.

It was strenuously contended below that no compensation could take place, because the first judgment was rendered in favor of G. L. Broom, executor of the estate of Samuel Broom, and that the second one was rendered against G. L. Broom as heir, and as the agent of the other heirs of said Samuel Broom, each and every one of said heirs, for their virile share. But this is a distinction without a difference.

It is obvious that the dative executor, as such, represents all the heirs and every one of them; and that each and every one of them is entitled to a certain share in the assets of the succession, and bound for the very same share of the debts thereof. C. C. 1214, 1369, 1376. Therefore, they had their virile share in the first judgment rendered in favor of the estate against Elizabeth Clew; and for the same reason they were bound for their virile share of the second judgment obtained against them by said Elizabeth Clew. They were creditors of Elizabeth Clew in the first judgment; and they were her debtors in the second one; ergo the two debts were compensated pro tanta by operation of law on the very day they were liquidated (13th June 1855), and the balance alone is due them; ergo the account is correct and the judgment à quô must be affirmed.

Says Toullier, vol. 7, p. 292, No. 375 : "Si en qualité de tuteur, d'administrateur, préposé, agent, ou mandataire, Titius me demande ce que je dois aux personnes dont il exerce les droits, je ne pourrai lui opposer en compensation que ce qui m'est dû par les personnes au nom desquelles il agit, et non ce qu'il me doit personnellement."

And Larombière, Obligations, vol. 3, p. 626, No. 5, says: "Mais il y a concours personnel de créance et de dette réciproques, et conséquemment lieu à compensation légale, dans le cas où un tiers me poursuivant au nom des personnes dont il est le tuteur, l'administrateur, l'agent, etc.,

je me trouve en même temps créancier de ces mêmes personnes pour lesquelles il agit."

ILSLEY, J. In the final account of administration of the above succession, rendered by the testamentary executor, on the 19th August, 1864, the claim of the succession of the late Samuel Broom, is thus inscribed :

| | | |
|---|---|---|
| "Succession of the late Samuel Broom by judgment of the Second District Court (No. 6,369) rendered 21st June, 1853, against the deceased, and affirmed by the Supreme Court, on the 13th June, 1855...$4,403 55 | | |
| Less the amount of a judgment rendered by the same Court (No. 5,931) on the 28th June, 1853, in favor of deceased, and against the *heirs* of the said Samuel Broom, for the sum of $1,318 30, but reduced by the Supreme Court on the 13th June, 1855, to $1,258.......................... 1,258 00—$3,145 55 | | |
| Interest thereon at six per cent. per annum, from first January, 1850, until paid, say up to 30th September, 1864, fourteen years and three months.... | | 2,783 78 |
| Cost of No. 6,369; Clerk $75 75; Sheriff $31 65; Supreme Court $22 80, together................ | 130 20 | |
| Defendant's writs, No. 5,931; Clerk $45 43, Sheriff $14 20.................................... | 59 63 | 70 57 |
| | | $5,999 90 |

Opposition to the compensation claimed against the judgment in favor of the succession of Samuel Broom, was made by the testamentary executor of his last will, who claims the whole amount of the judgment in the suit $6,369 in favor of his predecessor, G. L. Broom.

The opposition was dismissed in the Court below, and the reasons assigned for the dismissal are thus stated by it. George L. Broom, as executor of Samuel Broom, recovered judgment for the sum of $4,403 50, and costs against the *deceased*. The deceased (Mrs. Elizabeth Clew) recovered judgment against George L. Broom, and all the heirs and legatees of Samuel Broom, in the sum of $1,318 31, reduced to $1,258. One suit is styled " *George L. Broom, Executor*, v. *Elizabeth Clew and Husband;*" the other, " *Elizabeth Broom, Wife of Clew*, v. *Geo. L. Broom, Agent.*"

We are unable to perceive any material difference between any executor acting in such capacity or in the capacity of agent of all the heirs and legatees.

On the trial of the opposition (p. 47 *Rec.*) certain evidence was adduced, to wit : the record in the suit No. 6,369, *Broom, Executor*, v. *Clew and Husband*, and also the record of the suit No. 5,931, *Mrs. Clew* v. *the Heirs of Broom*, also the record in the *Succession of Samuel Broom;* and none of this testimony is extant upon the record of this suit, although the Clerk of the Court below certifies it to be complete.

In the case of *Harris* v. *Hays*, 8 A. 433, the Court observed : "The appellant, whose duty it was to bring up all the evidence, cannot profit by his own wrong, to have the judgment reversed to the prejudice of the other party. Nal prendra avansage de son tort demesne." It was the duty of the appellant to suggest at the proper time a diminution of the record in the defective transcript. *Gilloutel* v. *Marcelin*, 7 A. 442; *Levy* v. *Weber*, 8 A. 439.

It is therefore ordered that the appeal be dismissed, at the costs of the· appellant.