| 33 | 473 |
|----|-----|
| 118 | 167 |

No. 8175.

BOARD OF LIQUIDATORS OF HART & HÉRERT vs. J. W. BATES, SHERIFF, ET AL.

An extrajudicial surrender of his property, made by a debtor to his creditors, especially when some of the latter refuse to accept it, does not divest him of the title to that property; and the creditors who declined the surrender have the right to sue the debtor and seize and sell his property, notwithstanding the extrajudicial surrender.

APPEAL from the Seventeenth Judicial District Court, parish of East Baton Rouge. *Sherburne, J.*

*Sam'l P. Greves* and *H. M. Favrot* for Plaintiffs and Appellants :

I. There was no seizure of the property.
First—Because no actual possession was taken by the sheriff. L. D. p. 279-6 A. Nos. 2, 4, 5. The mere verbal appointment of a female occupant of the house as custodian, followed by no collection of rents, is not sufficient, where it appears that the liquidators of Hart & Hebert, to whom the property had been surrendered for the benefit of creditors, held an office in the building occupied by their President and Secretary. They should be likened to third possessors entitled to notice. 30 An. 1.
Second—There were no notices of seizure served on either Hart or Hebert or their Liquidators. The absence of any return by the sheriff that the notices were served, cannot be supplied by the verbal testimony of that officer, in another suit, after he has become *functtus officio;* 10 M. 91. The rule laid down in 2 R. 485 only refers to amendments of existing returns.
II. There was no valid sale of the property.
First—Because the writ had expired, the sheriff made no return at the end of seventy days. His term of office expired, and his successor returned the writ 413 days after its expiration, and then proceeded to execute it on a retained copy. 26 An. 735 ; 27 An. 678; 28 An. 75 ; 30 An. 84.
Second—Section 3416 R. S. to the effect that the return of any writ of *fi. fa.* shall in no case operate as a release of seizure of property, or as a discharge of any lien acquired there. on, is a negative pregnant with the affirmative that unless the writ is returned, the seizure shall be released and the lien acquired thereby discharged.
Third—In execution sales a compliance with the forms of law, supplies the consent of the seized debtor. Plaintiff incurs the risk of his laches, and the sheriff is responsible to him, otherwise there is no reason for the provisions of R. S., sections 3413, 3408.

*G. W. Buckner* and *Herron & Beale* for Defendants and Appellees:

First—It is *res adjudicata* that these plaintiffs are not owners and third possessors of the property, the sale of which they seek to set aside. 30 An. 868, 869. The same decision shows they can no longer contest any informalities in this suit.

Second—All judicial proceedings are presumed to be regular until the contrary is shown. 13 La. 496; 2 An. 503; 3 An. 146; 13 An. 216.

Third—He who seeks to annul an alienation must show that the formalities were not complied with.  Grant vs. Walden.

Fourth—Notice is a right personal to defendant, and exclusively for his benefit, which he may waive without invalidating the sale; his creditors cannot complain. 6 An. 361; 7 An. 143.

Fifth—Ex-sheriff may make a return. 2 R. 484.

Sixth—The expiration of the writ, without a copy being retained immediately, does not release the seizure made prior to the expiration of writ under it, and the sale of the property under a copy retained before second advertisement, is valid, especially where the sale had been arrested by injunction on the part of plaintiffs, now attacking sale. 13 An. 216; 11 Rob. 181; 12 R. 13; 24 An. 164; 30 An. 84.  Conclusive on this point, 30 An. 1128; 32 An. 474.

The opinion of the Court was delivered by

BERMUDEZ, C. J.  On the 7th of November, 1875, the members who composed the firm of Hart & Hébert, made an extrajudicial voluntary surrender of their property to their numerous creditors, which twenty odd of them refused to accept.

Styling themselves "the Board of Liquidators of Hart & Hébert," the petitioners took possession of such property.

Certain mortgage creditors, nevertheless, thereafter proceeded *via ordinaria* to the recognition of their claims, and obtained judgment to that end, contradictorily with Hart & Hébert, which on appeal was affirmed.  30 An. 868.  They afterwards assigned that judgment to another person, who issued a writ to have it satisfied, levying on the mortgaged property.  At the offering for sale by the sheriff, T. W. Bothick, the real defendant herein, became the adjudicatee, and subsequently had himself put in possession of the property by that officer.

Thereupon, alleging themselves *owners* of that property, in their fiduciary capacity, the plaintiffs charged by this suit apparently grave irregularities against the proceedings conducive to the sale, and prayed for the nullity of the sale and for possession of the property.

Several defenses were set up by Bothick, *res judicata*, estoppel, general denial, title in himself, and eventually a money demand for taxes paid for, and repairs put on the property.

There was judgment rejecting the plaintiffs' demand and they have appealed.

When the case of the mortgage creditors above mentioned was decided on appeal in 1878, the court speaking of the intervenors, who were the liquidators of Hart & Hebert, the present plaintiffs, said : " The intervenors claim to be third possessors, but are not, under the evidence, entitled to occupy even that position, as they are shown to be and allege themselves simply the liquidators of Hart & Hébert, and, in that

capacity, to have received from the partners a transfer of the land, mortgaged for the benefit of creditors. This is, at best, but a security and means for the payment of the debts coupled with the power to sell the property for that purpose, the real title being in the hands of the debtors."

In that expression of opinion, touching the legal *status* of the plaintiffs, we concur.

The surrender made extrajudicially by Hart & Hébert was not accepted by all their creditors. It does not purport to be a *dation en paiement*. It can have no greater force than a voluntary surrender, taking place through the intervention of the court, under the State laws.

The Code, article 2175 *et seq.*, says that the surrender does not give the property to the creditors. It only gives the right of selling it for their benefit, and receiving the income of it till sold. The debtor preserves the ownership and may divest the creditors of the possession, at any time before they have sold it, by paying the amount due them. Even after a liquidation, the debtor having ceased to be such, is entitled to be paid the surplus, if any remains, after payment of the creditors. Even if he were to die before the sale, the property surrendered would form a part of his succession. R. S. 1791.

The jurisprudence on those provisions of law is, that the acceptance of the cession vests the property in the creditors, so that it be no longer liable to seizure or execution; but they acquire no real ownership in it. It is vested in them only to a certain extent and for certain purposes. They cannot hold it in common nor partition it in kind. It is in their hands only as a pledge, which they must have sold, according to law, in order to have the proceeds distributed among themselves according to their respective rights.    2 R. 187; 9 R. 219; 3 An. 387; 4 M. 562; 4 An. 490; 5 An. 274; 11 An. 1, 148.

Those authorities are referred to merely to show that, as in a voluntary surrender accepted by the court, the title remains in the insolvent; title cannot surely be considered as divested in the case of a voluntary surrender made extrajudicially; more specially when it is *not* accepted by *all* the creditors.

As the plaintiffs have averred *ownership*, they cannot be viewed as *creditors* seeking to annul the sale of their debtor's property. As Hart & Hébert are not parties plaintiff to this action, and do not complain of the sale attacked, we are at a loss to perceive what standing the plaintiffs can have in Court to champion rights in their name by claiming a title of ownership to the property, the nullity of the sheriff's sale and a return of possession to them. 6 An. 361; 7 An. 143.

This view of the case renders it unnecessary to consider the irregularities charged as valid causes of the nullity of the sale, under which the defendant appears satisfied to hold.

The judgment of the lower court, as we construe it, is one of dismissal.

It is therefore affirmed with costs.