BREAUX, O. J.
George A. Hassinger is appellant from a judgment denying his demand for his appointment as definitive syndic of Edward Conery, Jr., and appointing Harry McEnerny as such definitive syndic.
The votes cast in number and amount, give rise to the main difference between appellant and appellee urged here. The meeting of creditors to elect a syndic was called before Ardill, notary public. The notary returned in his procés verbal to the court that George A. Hassinger had been elected as syndic, having received a majority of votes, in number and amount. Oppositions were filed to this return by William Wood and other creditors.
The first ground of opposition is that George A. Hassinger is not a creditor of the claims upon which he registered his opinion as to the person to be appointed syndic; that he voted claims of others without their authority; that he was incompetent, as he had entered into a contract of conditional purchase with the Louisiana National Bank in advance of his appointment as syndic, and assumed obligations to it inconsistent with his duty to the mass of cfeditors.
This objection is based upon the fact that Hassinger acquired the claims due by Ed. Conery, Jr., to the Louisiana National Bank and other creditors, upon a written agreement which sets forth that the creditors respectively sold each his claim, and it was agreed between the creditors and Hassinger that in the event the estate of E. Conery, Jr., came into possession of a sum stated in the agreement, then the buyer was to pay a stated amount, but, if the estate did not pay the stated amount, the buyer none the less was bound to pay the amount stipulated.
Both parties applying for the curatorship are responsible men, and stand well in the community. The question relates to which of the two, if either, was selected by the creditors.
Mr. Hassinger signed the notary’s procés verbal nine times, and in each he expressed a preference for himself as syndic.
The notary wrote down each of the claims ' —nine in number — of which he was the transferee, and after setting forth his claim he signed his name. The description of each claim follows after the signature of Mr. Has-singer.
If the procés verbal of the notary is correct, then this creditor would have received 13 votes, representing $191,612.22 in amount, and the other applicant for the syndicship would have received eight votes. We do not think that the notary’s return is correct, for the reason, in the first place, that Mr. Hassinger was not entitled to nine different votes.
The transferee adds by his purchase of different claims to the amount he holds, not to the right to express a preference in the meeting of creditors. He is limited to one ex-I>ression of “opinion” about the election of syndic or about the disposition of the property. Only one,' and nothing more.
The transferror transfers his claim, not his personal right to express his wish thereon in the proceedings in question.
It follows that Mr. Hassinger received only *173 five and Mr. McEnerny eight entries favorable to their respective appointments as syndics.
If the majority in number governed, Mr. McEnerny would be entitled, to the appointment.
■ In casting a preference as relates to amount, our learned Brother of the district court held that, having listed the first claim in the procés verbal of the notary, he exhausted all power he had; that he utterly abandoned the balance of his claim in the election of syndic. Under our view, we must differ with our most worthy'Brother.
The following is the provision contained in section 1799 of the Revised Statutes:
“In all the deliberations which shall take place between the creditors * * * for the choice of syndic * * . * the opinion of the majority of the creditors in number and amount' shall prevail.”
The choice for syndic having been expressed, as before mentioned, the creditor, Has-singer, did not intend to, nor did he, abandon the balance of his claim in the election of syndic. No one can well be held to have abandoned a right. The manner of recording the “opinion” (to copy a word from the statute) does not give rise to the inference that there was the least intention to abandon the right. The presumption is the other way.
A creditor, it occurs to us, would have no right to appear before the notary at several different times, and after creditors have expressed their opinion, and after this creditor’s first appearance, and again go through the form of listing another claim to his own name.
The proceedings must, be closed in due time, and besides creditors should not engage in a sort of contest by finding subsequent claims, and presenting them to again be heard.
There is nothing of the sort here. There was no protest made and no objection filed to this entry in the procSs verbal. It should be contested as one.
The section before cited does not contain the word “vote.” The following is in section 1797:
“At all meetings creditors shall be empowered to vote by proxy.”
The word “vote” does not create the impression that the opinions of all creditors are to be expressed by vote, as- usually understood. It is a written expression, which may include one claim or several claims, to be afterward added up, as they follow in one claim.
There <was a separate expression of “opinion” in each claim — as many votes as claims, let us say — but each “opinion,” as relates to amount, was one. It was miited in one person expressing the same “opinion.”
It was separate only as relates to the evidence of indebtedness.
Besides, no protest was entered, ánd no special objection made to the manner of voting.
Appellees insist that Mr. Hassinger is not owner of the claims, and was not entitled to present them.
The transfer to him to which we have before referred was complete, and gave him the right to control them absolutely as owner. The peculiar conditions cannot be viewed as diminishing his right to represent these claims as transferee. There was agreement as to the price and thing, and the sale was complete. He assumed objections as buyer not inconsistent with his duty to the mass of creditors.
Appellants question the right of several of the creditors who voted for Mr. McEnerny for syndic. Mr. Will Wood shows that he was creditor of the insolvent. It does not appear that he was paid as contended in opposition to- his claim. The amount was small. We incline to the view that he correctly swore that he had not been paid.
*174 We think opposition to the consideration of the claim of other creditors who participated in the selection of a syndic is equally as unfounded.
The result is that no one was selected, and that some one will have to be appointed by the court.
Two of the creditors petition for. appointment.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided, annulled, and reversed, and that the appointment of Harry McEnerny as definitive syndic is recalled and annulled. It is further ordered, adjudged, and decreed that the ease be remanded to the district court, with direction to the court to appoint a definitive syndic to represent Edward Conery, Jr., in accordance with law.
Appellee is to pay costs of appeal and the costs of the district'court, to be assessed in the district court on decision of the case.