PROYOSTY, J.
The motion to dismiss is based on the ground that the transcript is incomplete, as is shown by the certificate attached to it.
Although advised of the existence of the defect by the motion to dismiss, appellant did nothing to correct it until after the case had been submitted, when he obtained a certiorari, granted, as is the practice, without prejudice to the rights of the appellee. Under this certiorari the transcript has now been perfected, but appellee insists that this tardy perfecting comes too late; and to that effect seems to be the settled jurisprudence. Hoover’s Heirs v. York, 33 La. Ann. 652; Radovich v. Frigerio, 27 La. Ann. 68; Succession of Clew, 18 La. Ann. 229; Charbonnet v. Dupassan, 27 La. Ann. 105; Gillontet v. Marcelin, 7 La. Ann. 443.
The court will not go into a study of the case to find out whether the case might not be tried without the missing documents. Litigants must observe the rules of practice. In the case of Trudeau v. R. R. Co., 15 La. Ann. 717, cited by appellee, where the court permitted the record to be completed after submission of the case, it will be found by reference to the transcript in the case, which is No. 6,732 of this court, that not only the clerk’s certificate was full and complete, but that the appellee had joined in the appeal.
Appeal dismissed.