(41 South. 360.)

No. 16,054.

WENAR v. LEON L. SCHWARTZ, Limited.

(June 4, 1906.)

CORPORATIONS — INSOLVENCY — RECEIVER — SALE OF ASSETS.

The spirit of our law, as indicated by the text applicable to insolvencies, seems to be that, in matters of that kind, the question whether the property should be sold in bulk or in parcels had best be left to the creditors. Hence, in the matter of the receivership of a corporation, where the creditor holding the vast majority of the claims, in amount (being perhaps a majority in number, as well), requests that the sale be made in bulk, it will be so ordered, unless there be shown some conclusive reason to the contrary.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Receivers, §§ 231, 233.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; George Henry Théard, Judge.

Action by Charles Wenar against Leon L. Schwartz, Limited. From an order commanding the receiver to sell the assets of defendant in bulk, Leon L. Schwartz, Limited, appeals. Affirmed.

Seargent Smith Prentiss, for appellant. Saunders & Gurley, for appellee A. Marx, receiver. Emile Joseph Méral, Charles Rosen, and William Stirling Parkerson, for appellee creditors.

MONROE, J. This matter comes before the court upon an appeal from an order directing the receiver to sell, in bulk (rather than in lots), the assets of the defendant corporation, consisting of a stock of dry goods and millinery, fixtures, open accounts, and the balance of a lease of a desirably situated store. The total value of the assets is about $52,000, and the liabilities amount to about $64,000. Creditors whose claims amount to more than $50,000 seem to approve of the sale, in bulk, and those who oppose the sale in that way constitute a small minority in amount, though numerically there is perhaps not much difference between them and the others. The spirit of the law (Rev. St. § 1799), as shown by the textual provisions relating to insolvencies, is that, in such matters, the parties having the greatest interest, to wit, the creditors, should be allowed great latitude, and it is an accepted rule that in receiverships considerable discretion is allowed the receiver as to whether he should sell the property in his hands in bulk or in parcels. High on Receivers, p. 159, § 198. In the instant case, the receiver agrees with the creditors holding the larger claims that it would be to the advantage of all concerned to have the sale made in bulk, and the record furnishes us with no sufficient reason for holding to the contrary.

The judgment appealed from is, accordingly, affirmed.