Plaintiff argued that he had some homestead right.

This claim has no merit. He sold the property some months before the sale of 1898, and never acquired a right to the homestead on either of the Constitutions of 1879 or 1898.

In order to set aside the different acts as null, as having never been consented to, as never having been signed, we would have to decide that the testimony above quoted and other similar testimony should have no weight. This we will not do.

If a person, because he is unlettered, as this plaintiff is, can have all of his deed set aside, then that which has been said these many years will be entirely true:

"It is bliss to be ignorant, and folly to be wise."

There is a theory which explains the attacks of the old darky. He may have forgotten all of these acts. None the less he should be more conscious of his failing memory and less inclined to assail reputable testimony.

The judgment appealed from is therefore affirmed.

———

(42 South. 760.)

No. 16,214.

CONERY v. HIS CREDITORS.

(Oct. 15, 1906. Rehearing Denied Nov. 26, 1906.)

1. INSOLVENCY — RIGHTS OF INSOLVENT — CHOICE OF SYNDIC.

An insolvent, who makes a surrender of his property in insolvency, surrenders it to his creditors for administration by them for their own use and benefit through the court. Any interest which he might have in the property and in its administration is subordinated to the paramount rights of the creditors. He reserves no right (and the law accords him none) in the selection or choice of a syndic. Questions on that subject concern the creditors alone.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insolvency, §§ 56–60.]

2. SAME — APPOINTMENT OF SUCCESSOR TO SYNDIC—APPEAL—PARTIES ENTITLED.

The definitive syndic of Edward Conery, Jr., first elected, having been removed, a meeting of creditors was held for the purpose of selecting his successor. Three persons contested for the position. The district court having declared one of them to have been duly elected, the other two appealed to the Supreme Court. On appeal the court reversed the judgment, declaring that there had been no election, and remanded the cause, with orders to select a syndic according to law. On the return of the case the parties who had contested the election applied as creditors to be appointed syndic. The court rejected both applications and appointed the sheriff syndic, under section 1810, Rev. St., and both appealed. Their appeals were both dismissed, and not renewed during the year for a devolutive appeal. The insolvent having been interdicted after his insolvency, his curator obtained a devolutive appeal from the judgment appointing the sheriff as syndic, and on his prayer the parties whose appeals had been dismissed were cited on the appeal of the curator. *Held*, that the curator had no legal standing to question the judgment appealed from, he could not champion the rights of the parties whose appeals had been dismissed, and they themselves had exhausted their right to question the judgment appealed from.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

In the matter of the insolvency of Edward Conery, Jr. From a judgment rendered, Joseph C. Conery, Jr., appeals. Motion of syndic to dismiss appeal. Granted.

See 40 South. 863, 116 La. 535.

Omer Villeré, H. Gibbs Morgan, and Lazarus, Michel & Lazarus (Sanders & Gurley, of counsel), for appellant. Dinkelspiel, Hart & Davey, for appellee McMurray. Clegg & Quintero, for appellee Maier.

NICHOLLS, J. Appeal of Joseph C. Conery, Jr., from judgment rendered in the civil district court for the parish of Orleans on the

5th day of July, 1905, and signed on the 28th day of July, 1905.

### On Motion to Dismiss the Appeal.

H. B. McMurray, syndic of the creditors of E. Conery, Jr., appellee herein, moves to dismiss the appeal herein taken by J. C. Conery, curator of Ed. Conery, Jr., interdict, on the following grounds:

First. That said curator is totally without interest in the result thereof.

Second. That proper parties have not been made to the appeal.

Third. That, having sued to annul the judgment appealed from before the appeal was taken, said appeal cannot be heard.

Fourth. The certificate of the clerk shows that the record is incomplete, there being a number of documents which the clerk certifies to be part of the record and which are not copied in the transcript.

Fifth. There has been no order of court allowing the use of the other records of this court in the certificate of the clerk, as required by the rules of this court.

The curator resists this motion, as do George A. Hassinger and Otto T. Maier.

The two latter did not appeal, but were caused to be cited by the appellant, and have filed in the Supreme Court an appearance in which they declare that "they join in the appeal of the curator to have the judgment complained of annulled and set aside," and they so pray. In the brief filed on behalf of the curator, his counsel say:

"The only question involved in this appeal is the correctness of the judgment of the trial court in the selection and appointment of a syndic to administer the affairs of the insolvent, Edward Conery, Jr. The former syndic of the insolvent having been removed for cause (Conery v. His Creditors, 113 La. 419, 37 South. 14), the vacancy thus created was contested [for] by two opposing creditors. This court held there was no election, and remanded the cause to the district court, with instructions to appoint a definitive syndic in accordance with law. Conery v. His Creditors, 38 South. 1005.[1] George A. Hassinger and Otto T. Maier, both creditors of the insolvent, petitioned the court,

each on his own behalf, for appointment as definitive syndic.

"The trial court dismissed their petitions, and appointed, without suggestion from any creditor, 'an outsider,' who was not only a creditor, but was absolutely without interest in the administration of the insolvent's estate. This appointment, it is submitted, was not made in accordance with the mandate of the court, directing the selection of a definitive syndic 'in accordance with law.' Rev. St. § 1810. * * * The judgment appointing H. B. McMurray definitive syndic, and from which this appeal is prosecuted, was rendered on July 5, 1905, and signed on July 28, 1905. After E. Conery, Jr., had made a surrender of his property, he became demented and was judicially interdicted, and a curator was appointed to administer his affairs.

"The mismanagement of the affairs of the interdict by the first curator resulted in a judgment removing him from his office and the appointment of Joseph C. Conery, the son of the interdict, as curator, and who now prosecutes this appeal on behalf of his interdicted father.

"From the judgment here complained of there had been prosecuted two appeals—one by George A. Hassinger, and one by Otto T. Maier. The appeals were dismissed by this court—in the first instance because the order of appeal was not signed by the judge (Conery v. His Creditors [La.] 40 South. 173[2]); the second, because the application to correct the record was tardily made" (Conery v. His Creditors, 116 La. 535, 40 South. 863).

On the 11th of June, 1906, the curator, Joseph C. Conery, filed a petition in the district court in the insolvency proceedings, in which he averred:

That, by order duly entered by that court on the 11th of June, 1906, petitioner made himself a party to the record in the insolvency proceedings of Edward Conery, Jr., v. His Creditors.

That by the judgment pronounced by this honorable court on July 5, 1905, and signed on the 28th day of July, 1905, was dismissed the petition of George A. Hassinger and Otto T. Maier, creditors of said insolvency, applying for appointment of definitive syndic, vice William H. Byrnes, removed, and appointing Henry B. McMurray, civil sheriff. As definitive syndic, petitioner in his representative capacity on behalf of said insolvent, is aggrieved, and by the court's action is

---

[1] 115 La. 316.

[2] 115 La. 807.

prejudiced thereby, inasmuch as petitioner represents that said Edward Conery, Jr., insolvent and interdict, had a residuary interest in the estate surrendered in the insolvency to protect which interest, petitioner, as his curator, was entitled as of law and of right to have the judgment herein complained of reviewed by the Supreme Court of this state. That the appointment of said H. B. McMurray, who was not an applicant for appointment, and who was not a creditor of said insolvency, was in opposition to the express will of the creditors of said insolvency and prejudicial to their interests, as well as to that of said insolvent interdict. That petitioner believed that the interests of said insolvency, which is to be economically and judicially administered, would be prejudiced by the administration of said insolvency through H. B. McMurray. That petitioner, in the interest of said insolvent interdict, desired to devolutively appeal from the judgment rendered appointing H. B. McMurray, in order that the error of which he here complained might be corrected. That he annexed hereto his affidavit of interest.

In view of the premises, petitioner prayed that he might be allowed a devolutive appeal from the judgment rendered July 5, 1905, and signed July 28, 1905, which judgment appointed H. B. McMurray, as definitive syndic; that H. B. McMurray, Otto T. Maier, George A. Hassinger, and Harry McEnery be cited to appear and to answer said appeal in accordance with law, and for all further orders in the premises and for general relief.

Attached to this petition was his affidavit, stating that he was the curator of Edward Conery, Jr., insolvent interdict; that the said Edward Conery, Jr., had a residuary interest in the estate surrendered by him in a sum exceeding $2,000; that the judgment complained of was prejudicial to Edward Conery, Jr., interdict insolvent, and operated to his prejudice and injury; and that, because of the interest of said interdict insolvent, affiant petitions and asks for an appeal from the judgment recited in the foregoing petition, and of which this deponent, in his representative capacity, complained.

The court, upon this petition, granted petitioner a devolutive appeal.

The order of the 11th of June, 1906, referred to in the petition, was granted upon a petition filed on that day, on a motion made by the counsel of Joseph C. Conery, the curator of the interdict, Ed. Conery, Jr., on their suggesting that the estate of Ed. Conery Jr., under administration in these proceedings, if intelligently and properly administered, and a full accounting demanded of the property surrendered, and a successful effort upon the part of those charged with the administration of said insolvency to secure a restitution of the estate, which mover has reason to believe has been wasted and diverted, to the prejudice of the creditors of said interdict and insolvent, and who has a residuary interest in the property surrendered after the payment of his just debts and legal charges, that there would be a residuum sufficient to maintain the said insolvent interdict, and that it was within the line of mover's duty, as curator of the interdict, to see that there was an economical, full, and complete administration of the property surrendered, so as to preserve the said interdict and insolvent whatever may remain, from the date surrendered, after the payment of his just debts and legal charges, and that, in order to bring about this result herein sought to be accomplished, it was necessary and proper, and in furtherance of mover's duty as curator, to make himself in his representative capacity a party of record in this case, with right to stand herein as the insolvent himself could have done, to assert, protect, and maintain whatever rights the said insolvent could assert and maintain to insure a full and complete accounting and the advantage that may result from such an administration, insuring the

insolvent whatever the residuum of the estate may be.

Appellant cites articles 2175, 2178, 2179, 2180, 2182 of the Civil Code, Smalley v. His Creditors, 3 La. Ann. 387, Jacquet v. His Creditors, 38 La. Ann. 866, and Board of Liquidation v. Bates, Sheriff, 33 La. Ann. 475, as supporting the propositions. He contends:

"That though Ed. Conery, Jr., made a voluntary surrender of his property, the effect of so doing left none the less ownership of the same to him, passing only to the creditors possession for the purpose of payment of the debts; that he could at any moment, with the consent of the creditors, on payment of the debts and legal charges incident to the insolvency, resume possession and be entitled, should there be any surplus remaining in the hands of the syndic after paying the debts and charges, to recover the same." Civ. Code, § 2179.

He urges, as resulting from the correctness of these propositions, that the insolvent (or, in case of his interdiction, his curator) has a continuing legal interest in and over the administration of the affairs, entitling him to protect and secure and maintain this possible residuum.

It would not follow, from admitting the correctness of the propositions contended for by the curator, that the insolvent, Conery, has in the premises an interest such as would entitle him to take the present appeal.

When Ed. Conery, Jr., surrendered his property in insolvency, he voluntarily surrendered it to his creditors for administration for their use and benefit through the court. Any interest which he thereafter might have in the property and in its administration was very remote, and subordinated to the paramount right of the creditors. He reserved no right (and the law accorded him none) in the selection or choice of a syndic.

Questions on that subject concerned the creditors alone. There are no complaining creditors before the court. Hassinger and Maier, claiming to be creditors, appealed in this case; but their appeals were dismissed, and were not renewed. If they were aggrieved by the judgment of the district court, it was for those persons themselves to maintain their claims. The present appellant (the curator) is not entitled to stand in judgment for them, vindicate their right, and have reversed the judgments which have been rendered against them. They are not appellants, and their declaration that they join in the appeal is without legal significance. Hero v. Bloch, 44 La. Ann. 1032, 11 South. 821; Leloire v. Wiltz, 31 La. Ann. 437. The curator does not claim for any one an appointment as syndic. While he seeks to "undo," he does not attempt to "replace." To set aside the judge's action would be to leave the insolvency in charge of no one. Section 1810 of the Revised Statutes authorizes the court, under certain conditions, to "authorize the sheriff to perform in every respect the functions of syndic." It may be, if the sheriff, in the exercise of those functions, should do something prejudicial to the interests of the creditors and to the insolvent, the latter might have an interest sufficient to take action of a corrective or preventive character. But that is something very different from attempting to control or have a voice in the selection of a syndic.

There is no reason to suppose that the sheriff is not worthy and well qualified to perform the duties of syndic. Should he fail in any respect, the creditors concerned and the court are in position to apply a legal remedy. We think the motion to dismiss the appeal is well grounded, and the appeal is hereby dismissed.