## VOLUME 120.

## CASES ARGUED AND DECIDED IN THE SUPREME COURT OF LOUISIANA.

AT TERM BEGINNING FIRST MONDAY OF NOVEMBER, 1907.

(44 South. 902.)

No. 16,623.

WENAR v. LEON L. SCHWARTZ. Limited.

(June 17, 1907. On the Merits, Oct. 21, 1907. On Rehearing, Nov. 18, 1907.)

1. APPEAL—TRANSCRIPT—MOTION TO USE.

A motion to use a transcript, already in this court, in order to perfect the transcript of an appeal in the same proceeding subsequently brought up, is in time, though made after a motion to dismiss the appeal, provided it be made at the time of or before the argument and submission of such motion to dismiss.

2. SAME—INTEREST TO SUSTAIN.

Whether a stockholder of a corporation, said to be insolvent, who has intervened pro interesse suo, after trial of the oppositions to the receiver's account, has sufficient interest to sustain his appeal, is a matter that can be best determined after a hearing on the merits.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 921.]

On the Merits.

3. APPEAL — THEORY OF CASE — CHANGE IN ARGUMENT.

The complaint set forth in the petition, and on which alone the case was tried, cannot be changed in argument in the Supreme Court

120 LA.—1

to another; for instance, where the charge in the petition and on which the case was tried is a conspiracy to procure a sale to be made in block, instead of in detail, it cannot be changed in argument in the Supreme Court to that of a conspiracy to procure the sale to be made without appraisement.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 1053–1061.]

4. ASSIGNMENTS — CORPORATIONS — INSOLVENCY—PURCHASE OF CLAIMS BY CREDITOR.

No principle of law stands in the way of two or more creditors of an insolvent corporation clubbing their interests for buying up the other creditors at a reduced figure, or of their doing so through an interposed person and having such person thereafter champion the claims in court, as if owner of them, in the course of the judicial settlement of the affairs of the corporation. What one may do one's self one may do through an agent, and there is nothing fraudulent in buying up claims against an insolvent corporation and afterwards championing them in court.

5. PARTIES—INTERVENTION.

An intervention, especially if it adds new grounds, comes too late after trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Parties, § 69.]

6. CORPORATIONS — INSOLVENCY — RIGHTS OF STOCKHOLDERS.

Where a corporation is insolvent and in the hands of a receiver, one of its stockholders has

no standing for interfering in the settlement of its affairs.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 2176.]

**7. APPEAL—AMENDMENT OF JUDGMENT.**

A judgment cannot be amended on appeal prejudicially to parties who are parties to it, but not to the appeal. Thus, where several separate oppositions to the final account of a receiver have been disposed of by one judgment, and the receiver has not appealed, and appeals have been taken in only some of the oppositions, the fee of the receiver, which was reduced at the instance of all the opponents, cannot be increased on the answer of the receiver to the appeals.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4413, 4415.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; George Henry Théard, Judge.

Action by Charles Wenar against Leon L. Schwartz, Limited. From a judgment rendered on a final account of the receiver, certain creditors appeal. Affirmed.

See 41 South. 360, 117 La. 81.

Lazarus, Michel & Lazarus, for appellants. Frederic Charles Marx, for appellee receiver. Charles Rosen, for appellee, Wenar and Kohlmann. William Stirling Parkerson, for appellee State National Bank. Emile Joseph Méral, for appellee People's Savings, Trust & Banking Co. Henry Garland Dupré, Asst. City Atty., Ernest Touro Florance, Francis Charles Zacharie, Arthur John Peters, Edgar Mayer Cahn, St. Clair Adams, Asst. City Atty., Charles J. Théard, Thilborger & Duffy and Edw. Martin Robbert, for other appellees.

### On Motion to Dismiss.

MONROE, J. Johnson, Boyd & Co., creditors, and Wm. Kohlmann, a stockholder, of Leon Schwartz & Co., Limited, having appealed from a judgment rendered on the final account of the receiver, the petitioning creditor moves to dismiss the appeals, on the grounds, as to the first, that no sufficient appeal bond was furnished and that the transcript is incomplete, and, as to the second, that the appellant is without interest (the corporation being wholly insolvent), that the appeal was applied for too late, and that the transcript is incomplete.

The certificate of the clerk reads, in part:

"I, William B. Murphy, deputy clerk, * * * do hereby certify that the foregoing 220 pages do contain a true, correct, and complete transcript of all the proceedings had, documents filed, and evidence adduced upon the trial of the cause wherein Charles Wenar is plaintiff and Leon L. Schwartz, Limited, is defendant, instituted in this court, and now in the records thereof under No. 77.075 of the docket thereof, Division E, the Honorable George H. Théard, judge, from the 1st of March, 1906, to the 7th of May, 1907, with inclosure, copy inventory, filed April 6, 1905, is forwarded as filed, per stipulation filed May 7, 1907, copied in said transcript on page 220, and the present transcript, together with the one heretofore forwarded to the honorable the Supreme Court herein, does contain a correct and complete transcription of said cause."

It seems that a previous appeal in the same proceeding (though involving other issues) had been lodged in this court (Wenar v. Leon L. Schwartz, Ltd., 117 La. 81, 41 South. 360), and, after the motions now under consideration had been filed, appellants moved that the transcript in such previous appeal be consolidated with and made part of the transcript of the present appeal. Appellee contends that the motion came too late; but we think not. It was filed, and the order to consolidate was made (without prejudice), before the motion to dismiss was submitted; the case differing, in that respect, from the case of Conery v. His Creditors, 116 La. 535, 40 South. 863, on which appellee relies.

Rule 1, § 8, p. 3, of the rules of this court (21 South. ix), provides that parties in interest prosecuting subsequent appeals "will be permitted, upon application to this court, to use transcripts in previous appeals when such appeals are branches of the same case, omitting from their copy the portions included in preceding transcripts." And Code Prac. art. 898, authorizes the correction of defects in transcript up to "the time of argument."

The objection to the bond filed by Johnson, Boyd & Co. is abandoned.

The petition of Kohlmann was denied by judgment signed April 5, 1907, and he applied for and was allowed a devolutive appeal on the following day. He had intervened pro interesse suo after the case had been tried, alleging that he was a stockholder in Leon L. Schwartz, Limited, charging a combination between the receiver and certain of the creditors, and praying that, after the payment of certain creditors, he be paid the amount ($2,500) of his stock subscription. Whether this demand has anything to rest on can best be determined after an examination of the case on the merits.

The motions to dismiss the appeals are therefore overruled.

## On the Merits.

PROVOSTY, J. This record presents two appeals, both from a judgment on a final account of the receiver of the defendant corporation. One is by an opposing creditor, and the other by an opposing stockholder. The receiver has filed an answer in this court, asking that his fee, which was reduced to $1,600 by the judgment appealed from, be increased to $3,000, the amount at which it was put down in the account. We will consider the two appeals, and also this demand of the receiver, separately.

In the lower court the creditor opposed the entire account, and on various grounds; but in this court no other relief is asked than that the State National Bank and the People's Savings, Trust & Banking Company, two creditors on the account, be denied participation in the funds in the hands of the receiver until after the claim of the opponent is satisfied in full. The ground which in the opponent's petition is assigned for this relief is that the said banks entered into a conspiracy for the purpose of having the property of the receivership sold in block, instead of in detail, with a view to its being purchased by themselves at a sacrifice price, and that said conspiracy was carried out. In the argument in this court the opponent's learned counsel assigned another ground, namely, that the sale was made without appraisement; but it is hardly necessary to say that the opposition must be tried as made in the petition, and not as thus sought to be amended in the argument in this court. The contention of opponent is that a profit of $10,000 was realized by said banks as the result of their conspiracy, and that they ought to be made to account for said $10,000 to the receivership, or else be denied participation in the price of the sale until the claims of the other creditors are satisfied.

In disposing of the present opposition it will suffice to say that the evidence fails entirely to show that the two banks did anything they did not have the perfect right to do, or otherwise than in the best of good faith. All they did was to join interests and try to buy out the other creditors at a reduced figure, with a view to taking the property out of the hands of the receiver and working the business out of debt. To that end they caused a circular letter to be written to the other creditors, offering them 40 cents on the dollar. Most of them accepted, but some insisted upon dollar for dollar, and the scheme fell through. The receiver then applied to the court for the sale of the property in block, and the banks joined in the application. Their claims, including those they had bought up, aggregated $49,011 of the $64,688 of the indebtedness of the corporation. Some creditors desired that the sale should not be made in block but in detail, and accordingly made opposition; and the matter came to this court. Wenar v. Leon L. Schwartz, 117 La. 81, 41 South. 360. The property was ordered to be sold in block.

The banks did not use their own names in writing the circular letter and in seeking to

buy up the other claims, but acted through an interposed person, and they caused this same person to appear in court as holder and owner of the bought-up claims and join in the application for making the sale in block. The claims thus bought up aggregated $13,000 and constituted a majority of the creditors in number. The learned counsel for opponent contend that by thus acting through an interposed person the banks imposed upon the "religion" of the court, and succeeded in obtaining an order that would otherwise not have been granted.

As we read the decision of this court in the said case of Wenar v. Leon L. Schwartz, Limited, supra, we fail entirely to see wherein knowledge on the part of the court that the banks were the real owners of the claims represented by the interposed person would have made the slightest difference. Banks, like other people, are at perfect liberty to buy claims and sue upon them through agents. The court will add that, with the lights now before it, it still thinks that the proper mode of making the sale was in block.

We pass to the opposition of the stockholder. It is in the nature of an intervention in the opposition of the creditor. It was filed after the main opposition had been tried, and was never served, and was duly objected to on those grounds. We might dispose of it on those grounds, and also on the ground that, where a corporation is in the hands of a receiver and hopelessly insolvent, one of its stockholders has no interest and no standing for interfering in the judicial settlement of its affairs; but, inasmuch as results are not changed thereby, we have concluded to add a word touching the merits of the complaint made in said opposition in regard to the sale having been made without appraisement. This complaint might be serious, if it were being urged for setting aside the sale, or even, perhaps, if from the record the banks who became the adjudicatees of

the property at the judicial sale appeared to have been instrumental in procuring the sale to be made without, instead of with, appraisement; but the record fails absolutely to show that the banks were in any greater degree responsible for the sale being made without appraisement than the present opponent was, and fails entirely to show that it was not in the best of good faith that the appraisement was dispensed with. There had already been two inventories, one according to cost price and one according to actual value, and both expensive, since the property consisted of a large stock of dry goods and notions in one of the large stores on Canal street, in this city; and a third appraisement, though perhaps necessary from the legal standpoint, because the stock had fluctuated since the last inventory, from the sales and purchases, yet might well, everything considered, have appeared unadvisable.

We come to the prayer of the receiver for an increase of his fee, and will say we cannot consider it, for the reason, among others, that a number of opponents, on whose oppositions, as much as on those of the present appellants, the judgment reducing the fee was rendered, are not parties to the appeal, and that in their absence the judgment cannot be amended unfavorably to them.

Judgment affirmed; appellants to pay costs of the appeal.

## On Application for Rehearing.

MONROE, J. The judgment appealed from having been affirmed, the decree heretofore handed down has been amended by condemning the appellants to pay the costs of appeal. The opposition of Johnson, Boyd & Co., appellants, having been partially sustained by the district court, the judgment so rendered carried the costs of the opposition in that court. The application for amendment of the decree of this court with respect thereto is therefore denied.

Rehearing refused.