No. 2107
Second Circuit Appeal

WATSON   TIE   COMPANY   v.   W.   A.
WALMSLEY, ET AL.

(June 27, 1925, Opinion and Decree)

(*Syllabus by the Editor.*)

1. Louisiana    Digest—Appeal—Par.    431,
729, 736.

Where the record of testimony taken on
the trial of an exception to the juris-
diction is incomplete the appellate court
will, in the interest of justice, remand
the case to the district court for addi-
tion to the record of the testimony
on the trial of the exception or for
further testimony which may be neces-
sary to be taken to complete the rec-
ord.

Appeal from Eleventh Judicial District
Court of Louisiana, Parish of Natchitoches.
Hon. J. W. Jones, Jr., Judge.

On motion to remand filed by the defend-
ant appellant, case is remanded to the dis-
trict court for further proceedings.

Breazeale & Breazeale, of Natchitoches,
attorneys for plaintiff, appellee.

Rusca & Cunningham, of Natchitoches,
attorneys for defendant, appellant.

REYNOLDS, J.   In this case appellant
has filed a motion to remand the case for
the completion of the record by having
added thereto the testimony adduced in the
lower court on the trial of the question
of the domicile of defendant, W. A.
Walmsley.

To this motion is attached the affidavit
of the trial judge to the effect:

"I further certify that a plea to the
jurisdiction was filed in said case on the
part of W. A. Walmsley, that it was regu-
larly fixed for trial and that on the day

of trial defendant introduced testimony to
sustain his plea, that the testimony was
reduced to writing by the court stenog-
·rapher."

There is also attached the affidavit of
Deputy Clerk of Court O'Quinn, in which
he says that he has made a careful search
of all note books on file in his office con-
taining the original stenographic notes of
evidence taken on trial of cases in the
court of which he is a deputy clerk, and
that he could not find any stenographic
note of evidence taken on the trial of the
exception to the jurisdiction in this case
and that the testimony was never reduced
to writing.

Under this showing and on the authority
of Trudeau vs. Railroad Company, 15 La.
Ann. 717, we think the case should be re-
manded in order that the evidence taken
on the trial of the exception may be added
to the record.

In the event the missing testimony can-
not be found, on the authority of Nichols
vs. Harris, 32 La. Ann. 646, the case should
be remanded for the taking of testi-
mony on the question of defendant, Wm.
A. Walmsley's, domicile at the time of the
filing of this suit in the District Court.

For these reasons it is ordered, adjudged
and decreed that this case be remanded to
the District Court of the parish from
whence it was appealed for addition to
the record of the testimony taken on the
trial of the exception of W. A. Walmsley
to the jurisdiction of the court; and in the
event this testimony cannot be added to
the record because it cannot be found,
.then the case is remanded to the District
Court for the taking of evidence on the
issue raised by the exception to the juris-
diction.